IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                              Plaintiff,                    OPINION AND ORDER

        v.                                                  13-cv-538-wmc

DARREN DAVID MELLUM, DAVID W.
AND BARBARA E. MELLUM, and
CATERPILLAR FINANCIAL SERVICES,
CORP.,

                      Defendants.

On February 12, 2014, the clerk of court entered default against defendants Darren David Mellum, David W. Mellum, Barbara E. Mellum, and Caterpillar Financial Services Corp. pursuant to Federal Rule of Civil Procedure 55(a).  (Dkt. #9.)  Before the court is plaintiff the United States of America's motion for default judgment against defendants and a declaration in support of the motion, both dated March 7, 2014.  (Dkt. ##10-11.)  Also before the court is plaintiff's proposed judgment (dkt. #14) and proposed findings of fact and conclusions of law (dkt. #15), both submitted April 7, 2014.  On April 9, 2014, the court held a hearing on plaintiff's motion for default, at which defendants again failed to appear or otherwise participate.

Plaintiff seeks to foreclose on its security interest in all farm products, crops, livestock and farm equipment owned by defendant Darren David Mellum, for his failure to make payments due under three promissory notes.  Where default has been entered against the defendant, such as here, the court accepts as true all of the factual allegations

in the complaint, except those relating to damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

While plaintiff has submitted a proposed judgment and findings of fact and conclusions of law setting forth damages and the property in which it has as security interest, those submissions are not included as part of a declaration or some other submission proving up damages. Moreover, while the motion for default judgment was served on defendants, given the timing of the filing of plaintiff's proposed judgment and findings of facts and conclusions of law -- two days before the hearing -- and service on defendants -- one day before the hearing -- it would be unfair to have required a response even if properly documented.

Accordingly, as explained during the hearing, the court will grant in part and deny in part plaintiff's motion for default judgment, awarding plaintiff possession of the property listed in Attachment B to its proposed judgment to the extent identified in Attachment D to the Complaint, and admitted by virtue of defendant's default, as well as allowing for sale of that property with the proceeds to be deposited into this court pending further order. (*Compare* Compl., Attachment D (dkt. #1-4) pp.3-5, *with* Pl.'s Proposed Findings of Facts & Conclusions of Law, Attachment B (dkt. #15-2).) Plaintiff may also submit supplemental factual evidence by declaration, affidavit or other acceptable form that establishes: (1) the amount due and owing to plaintiff; and (2) defendants' ownership of the five additional items of property listed on Attachment B but not included in the Attachment D to the Complaint.

Provided plaintiff makes the necessary showing, the court anticipates entering a final judgment without the need of another hearing, absent timely objection by defendants, that also awards plaintiff damages, awards plaintiff possession of the remaining property items and allows for sale of those items, and allows plaintiff to remove the sales proceeds from this court (to the extent that they have been deposited) to satisfy its damages award.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

1)    Darren David Mellum waived service of the summons and complaint in the above action, and the signed waiver form has been filed with the Court, as set forth in the Declaration of Barbara L. Oswald, Assistant United States Attorney, Office of the United States Attorney, on file herein; the time for answering said complaint has expired; no answer or other response or appearance has been served on or received by plaintiff's attorney from or made by Darren David Mellum; and the Clerk of Court has duly entered the default of said defendant.

2)    David W. Mellum waived service of the summons and complaint in the above action, and the signed waiver form has been filed with the Court, as set forth in the Declaration of Barbara L. Oswald, Assistant United States Attorney, Office of the United States Attorney, on file herein; the time for answering said complaint has expired; no answer or other response or appearance has been served on or received by plaintiff's attorney from or made by David W. Mellum; and the Clerk of Court has duly entered the default of said defendant.

3)     Barbara E. Mellum waived service of the summons and complaint in the above action, and the signed waiver form has been filed with the Court, as set forth in the Declaration of Barbara L. Oswald, Assistant United States Attorney, Office of the United States Attorney, on file herein; the time for answering said complaint has expired; no answer or other response or appearance has been served on or received by plaintiff's attorney from or made by Barbara E. Mellum; and the Clerk of Court has duly entered the default of said defendant.

4)     Caterpillar Financial Services was served with a summons and complaint in the above action by the United States Marshals, and the completed USM-285 has been filed with the Court, as set forth in the Declaration of Barbara L. Oswald, Assistant United States Attorney, Office of the United States Attorney, on file herein; the time for answering said complaint has expired; no answer or other response or appearance has been served on or received by Plaintiff's attorney from or made by Caterpillar Financial Services; and the Clerk of Court has duly entered the default of said defendant.

5)     Defendants having admitted Farm Service Agency's security interest in them by virtue of these defaults, plaintiff is entitled to immediate possession of the items of security set out in Attachment B to plaintiff's proposed findings of facts and conclusions of law (dkt. #15-2), *except* Farm Equipment Item No. 32 (1 Tractor (4 wd), manufactured by Case, type 2670, serial no. 10026591) and all Items of Class of Livestock (Nos. 1-4).

6)     Plaintiff is entitled to judgment of foreclosure and sale in the usual form on the property identified in ¶ 5.

7)      The items of security described in ¶ 5 may be sold individually or as a whole at a public or private sale.

8)      Sale of the items of security described in ¶ 5 shall be conducted by or under the direction of the United States Marshal for the Western District of Wisconsin or the Farm Service Agency with payment of all proceeds into the District's Clerk of Court for later disbursement by further order of this Court.

9)      Defendants and all their heirs, and all persons claiming under them, shall be forever barred and foreclosed of all right, title, interest, and equity of redemption in said items of security so sold.

## ORDER

IT IS ORDERED that:

1) plaintiff the United States of America's motion for default judgment (dkt. #10) is GRANTED IN PART AND DENIED IN PART;

   a) the motion is granted as to those items identified in ¶ 5 above. Plaintiff may take possession of and sell those items.  Plaintiff shall deposit all proceeds from the sale with the clerk of court pending further order from the court;

   b) the motion is denied with respect to plaintiff's request for damages and plaintiff's request for foreclosure on the additional security items in Attachment B which were not listed in Attachment D to the complaint;

2) if plaintiff files and serves supplemental materials demonstrating the amount of damages due and owing by defendants and defendants' ownership interest in the additional security items, defendants may have seven days to file any objections; and

3) failing that, the court will enter final judgment reflecting the relief provided in this order and any additional relief demonstrated in plaintiff's additional proof.

Entered this 10th day of April, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge